No. 21385.

CALVIN C. WOOD, GRACE S. WOOD, CHARLES S. KNOX, MARY E. KNOX, ROBERT L. GEE, JACK B. SPILLMAN, AND FAYE SPILLMAN *v.* FLOYD L. KREPS; HARRY B. STROUP; PATIO HOMES, INC., A COLORADO CORPORATION; THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ARAPAHOE, STATE OF COLORADO; AND JIM NORTON, BUILDING INSPECTOR FOR THE COUNTY OF ARAPAHOE, STATE OF COLORADO; COLUMBIA SAVINGS AND LOAN ASSOCIATION, A COLORADO CORPORATION; DAVID NICHOLL, EUGENE STERNBERG, ARNOLD KIRKEGAARD, CHARLES MACLEAN, AND HOWARD ABBOTT, AS MEMBERS OF THE BOARD OF ADJUSTMENT OF THE COUNTY OF ARAPAHOE, STATE OF COLORADO, AND ANY AND ALL OTHER UNKNOWN PERSONS WHO MAY BE INTERESTED IN ANY WAY IN THE SUBJECT MATTER OF THIS ACTION.
(419 P.2d 310)

Decided October 24, 1966.

38

JACK W. HOSFORD, GEE, DOBBINS and MAY, for plaintiffs in error.

CALKINS, KRAMER, GRIMSHAW & CARPENTER, for defendants in error Floyd L. Kreps, Harry B. Stroup, and Patio Homes, Inc.

RICHARD D. DITTEMORE, for defendants in error Board of County Commissioners of the County of Arapahoe, State of Colorado, Dave Nicholl, Eugene Sternberg, Arnold Kirkegaard, Charles Maclean and Howard Abbott as Members of the Board of Adjustment of the County of Arapahoe and State of Colorado and Jim Norton, Building Inspector for the County of Arapahoe, State of Colorado.

HAROLD TAFT KING, for defendant in error Columbia Savings and Loan Association.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THE plaintiffs in error, hereinafter referred to as the plaintiffs, filed their Fourth Amended Complaint in which eleven separate claims were asserted against some or all of the defendants named in the action.

Kreps, Stroup, and Patio Homes, Inc., are involved in the litigation as the vendors of the properties owned by the plaintiffs, and as developers of the area in which

plaintiffs' properties are located. The plaintiffs alleged that their properties were purchased under a promise and agreement by the above-named defendants that the land being developed would continue to be zoned as R-1 residential land upon which only single family dwellings could be erected. Plaintiffs alleged that the defendants also promised that Lot 17, Block 1, of the addition which borders on the properties purchased by them, would continue to be zoned for single family residences only. However, thereafter the other named defendants (other than Columbia Savings and Loan Association) took steps to establish a comprehensive rezoning plan of a large part of Arapahoe county including the addition known as Holly Hills Subdivision of Arapahoe County. In this comprehensive rezoning plan Lot 17, Block 1, of the Holly Hills Subdivision was reclassified R-5 in which multiple family dwellings are permitted. Plaintiffs alleged that Kreps, Stroup, and Patio Homes had commenced construction of apartment houses on Lot 17 and had damaged plaintiffs' properties in various ways. They sought a mandatory injunction directing removal of the multiple unit structures and damages in the sum of $60,000. As a further ground for relief against all the defendants, the plaintiffs attacked the validity of the proceedings which resulted in the rezoning of Lot 17.

The issues framed by the pleadings were tried before the court beginning April 8, 1964, and at the close of plaintiffs' evidence motions were made by all the defendants to dismiss the action because of a failure of the plaintiffs to produce evidence entitling them to the relief prayed for, or to any other relief.

In sustaining these motions to dismiss, the trial court entered the following order and findings:

"The motions to dismiss by the respective parties herein are granted.

"THE COURT FINDS:

"1. That no ruling can be made as to the validity of

the Zoning Resolution adopted August 7, 1961, nor the official map which is a part thereof, neither the resolution nor the map having been offered for admission into evidence.

"2. There never was placed before the Court the published notice concerning the adoption of the Zoning Resolution of August 7, 1961, although there was testimony that such publication was made. The Court, therefore, is unable to rule as to the adequacy of such notice.

"3. There was insufficient testimony to establish a prima facie case in connection with the allegation that there was any agreement as to zoning on Lot 17, Block 1, Holly Hills Subdivision.

"4. Testimony concerning alleged failure to provide lateral support or cause of subsidence was not sufficient to establish a prima facie case.

"5. The map, Plaintiffs' Exhibit O, introduced into evidence was identified at all times as nothing more than a work-sheet, and never was indicated to be an official document, or a part of the Zoning Resolution as adopted.

"THE COURT FURTHER FINDS that the defendant Abbie L. Stroup was deceased prior to the initiation of the subject law suit; that there was no evidence to establish grounds for the defendant Harry B. Stroup; or the defendants David Nicholl, Eugene Sternberg, Arnold Kirkegaard, Charles MacLean, and Howard Abbott, as members of the Board of Adjustment; or Jim Norton, Building Inspector, being named as parties in this action; that there is no basis for naming of any and all other unknown persons who may be interested in any way in the subject matter of this action. There was no motion made nor leave granted for service of summons by publication. The Court had nothing before it on which it might issue an injunction or on which it might assess damages. Further, that no evidence was adduced that any relief might or could be granted against the defendant Columbia Savings and Loan Association.

"IT IS, THEREFORE, ORDERED AND ADJUDGED that plaintiffs take nothing from their complaint, and that the action be dismissed on the merits. Each party to pay their own costs. Plaintiffs may have sixty days within which to lodge a reporter's transcript, a motion for new trial being ordered dispensed with."

We have carefully read the entire record and conclude therefrom that the trial court committed no error in reaching the conclusions specifically mentioned in the foregoing quotation. No new or unusual legal principle is involved in this controversy. The sole question is whether the conclusions of the trial court are borne out by the record, and we hold they are. No good purpose would be served by discussing the contents of that record in greater detail.

The judgment is affirmed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.